**Delia A. TORREZ, Appellant,**

v.

**STANDARD BRAND PAINT, Appellee.**

**No. 08–90–00137–CV.**

Court of Appeals of Texas,
El Paso.

July 18, 1990.

Rehearing Overruled Aug. 15, 1990.

Charles A. Deason, Jr., Dick Stengel, El Paso, for appellant.

Jack Brewster, Brewster and Mayhall, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a slip and fall personal injury case, the jury returned a verdict in favor of the injured customer. However, the trial court set aside the jury verdict and granted judgment n.o.v. for the premise owner. We reverse.

Appellee, Delia A. Torrez, testified she entered Appellant Standard Brand Paint store shortly after it opened to purchase some ceramic tile. She stated that she slipped and fell on pieces of ceramic tile or loose floor tile. She alleged that the store was negligent in that: (1) the store failed to keep the premises in a reasonably safe condition and (2) the store knew or should have known that the hazard existed and created a dangerous circumstance for her and other business invitees.

The jury answered the questions submitted to them by finding: (1) there were ceramic tile pieces on the floor; (2) that the store knew, or in the exercise of ordinary care should have known, that pieces of tile

**14**

were on the floor; (3) the failure of the store to remove the tile pieces was negligence; and (4) that such negligence was a proximate cause of the accident.

The jury found that the Appellant was not guilty of failure to keep a proper lookout. Separate items of damages were submitted and were answered: (a) $7000.00 for physical pain and mental anguish in the past; (b) $3000.00 for future physical pain and mental anguish; (c) $20,000.00 for past lost earnings; (d) $5,000.00 for future lost earning capacity; (e) $5,000.00 for physical impairment in the past; (f) $5,000.00 for physical impairment in the future; (g) $21,-000.00 for past medical expenses and (h) $24,000.00 for future medical expenses. The verdict totalled $90,000.00.

Appellee's motion for judgment n.o.v. was based on the failure of Appellant to produce evidence that Appellee knew or in the exercise of ordinary care should have known that the ceramic tile pieces were on the floor. The trial court agreed.

Appellant's sole point of error asserts that the trial court erred in granting Appellee's motion for judgment n.o.v.

■ When a jury verdict has any support in the evidence, a trial court may not disregard their findings and render judgment n.o.v., even if the great weight and preponderance of the evidence may be to the contrary. *Gulf, Colorado & Santa Fe Railway Company v. Deen*, 158 Tex. 466, 312 S.W.2d 933 (1958), *cert. denied*, 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958); *Olin Corporation v. Cargo Carriers, Inc.*, 673 S.W.2d 211 (Tex.App.—Houston [14th Dist.] 1984, no writ).

■ In reviewing the granting of a motion for judgment n.o.v., we must only consider the evidence and inferences therefrom which tend to support the jury findings and disregard all evidence and inferences to the contrary. *Dodd v. Texas Farm Products Company*, 576 S.W.2d 812 (Tex.1979). With regard to jury findings, the trial court could render a judgment n.o.v. only if a directed verdict could have been proper. *Goudie v. HNG Oil Compa-*

*ny*, 711 S.W.2d 716 (Tex.App.—El Paso 1986, writ ref'd n.r.e.); Tex.R.Civ.P. 301.

■ The facts in this case are no different than most litigated cases in that the witnesses did not agree as to the facts. However, an ultimate fact may be conclusively shown by wholly circumstantial evidence. *Prudential Insurance Company of America v. Krayer*, 360 S.W.2d 844 (Tex.Civ.App.—Fort Worth, 1962) rev'd 366 S.W.2d 779 (Tex.1963). Circumstantial evidence and reasonable inferences made therefrom may provide adequate support for a jury's finding. *Paragon Hotel Corporation v. Ramirez*, 783 S.W.2d 654 (Tex. App.—El Paso 1989, writ denied).

A plaintiff in a slip and fall case must establish that (1) the defendant placed the foreign substance on the floor, (2) the defendant knew that the foreign substance was on the floor and willfully or negligently failed to remove it, (3) OR THE FOREIGN SUBSTANCE HAD BEEN ON THE FLOOR FOR SUCH A PERIOD OF TIME THAT IT WOULD HAVE BEEN DISCOVERED AND REMOVED BY THE DEFENDANT IN THE EXERCISE OF ORDINARY CARE. *H. E. Butt Grocery Store v. Hamilton*, 632 S.W.2d 189 (Tex.App.—Corpus Christi 1982, no writ).

■ Appellant testified she arrived at the paint store shortly after it opened and saw only about three people in the store which included probably two employees. She attempted to match tiles and started to walk away from the shelf when she slipped and fell. She stated she got up and walked up to the cashier in front of the store to report the incident. The assistant manager talked to her and she stated the assistant manager saw the tiny debris of tile fragments that she fell on. Appellant stated that the assistant manager stated "I will have it cleaned up." Appellant described the debris as coming from "rougher and real shiny side" of tile. Her testimony was disputed by the assistant manager.

After the accident, Appellant saw a doctor and then an orthopedic surgeon. There were bruises on her lower back and leg, her fingers were cut and her right shoulder was sore. She ultimately had a back opera-

tion and she had not returned to work at the time of the trial.

An employee of the Appellee store, McNeil, by his deposition testimony admitted that anything that fell off a shelf, including a ceramic tile could break on impact and could cause a person to slip when the object is stepped upon. He further stated it was store policy to clean up the area right away. He admitted that if debris was found on the floor when the store opened, then it would be some indication that the employee who worked the previous evening had failed to clean it up.

Mrs. Calderon testified that when tile is delivered and then shelved, residue can and does fall out of the tile boxes. The Appellant testified she came to the store about 8:15 a.m., which was shortly after the store opened at 8:00 a.m. There was testimony from Appellant that she and maybe only one other customer were in the store almost immediately after it opened.

Tony Martinez, Appellee's store manager, stated that tile would come in on "load night" and would be placed close to the shelf where the tile was unloaded and then placed on shelves. No employee of the Appellee testified that the floor was swept the night before the accident.

From the facts produced, even though disputed, the jury was entitled to infer that residue from tile had been left from the previous day and that Appellee's employee had failed to clean it up after the store closed.

Appellee, by six cross-points of error, challenges all of the adverse jury findings on the basis that the answers were not supported by any evidence of probative force and/or were not supported by factually sufficient evidence or such answers were against the overwhelming preponderance of the evidence.

We have already detailed some of the testimony. The medical and lay testimony constituted some evidence so as to support the findings of the jury. The trial court erred in setting aside the jury findings and in entering judgment n.o.v.

Appellee's cross points are overruled.

Appellant's point of error is sustained.

We reverse the judgment of trial court and render judgment for Appellant for $90,000,00, plus post-judgment interest from July 14, 1989, in the amount allowed by law, plus court costs.