**Richard D. MONTES, Appellant,**

v.

**INDIAN CLIFFS RANCH, INC., d/b/a**
Cattlemen's Restaurant,
Appellee.

No. 08–96–00253–CV.

Court of Appeals of Texas,
El Paso.

April 17, 1997.

Rehearing Overruled May 14, 1997.

**104**

Federico Soforo, Monte Lee Sherrod, El Paso, for appellant.

Kurt Paxson, Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### OPINION

LARSEN, Justice.

This is an appeal from a take-nothing summary judgment in favor of the defendant in a premises liability case. We reverse and remand to the trial court.

### FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Richard Montes, was employed by a pest control service. On December 7, 1992, he went to the Cattlemen's Restaurant to perform pest control services. While Montes was spraying the restaurant, he determined that he needed to use the bathroom. Montes entered a stall, and in the process of sitting down, his keys dropped out of his pocket. When Montes reached down and behind him to retrieve his keys, he felt a sharp pain in his left hand. A used syringe had passed through the palm of Montes' hand to the other side. Montes filed suit against Indian Cliffs Ranch, Inc., which does business as Cattlemen's Restaurant, alleging negligence in maintenance of the restroom.

Indian Cliffs filed a motion for summary judgment on three grounds: (1) Montes, by leaving his task to use the restroom facilities, became a mere licensee on the property and Indian Cliffs owed him no duty regarding conditions about which it had no actual

knowledge; (2) Montes was the employee of an independent contractor and Indian Cliffs owed him no duty of care in the performance of his duties; and (3) alternatively, even if Montes was an invitee, Indian Cliffs had no actual knowledge of, and could not reasonably have anticipated, the presence of a used syringe in its men's restroom. The trial court granted Indian Cliffs' motion without specifying a ground. On appeal, Montes alleges unresolved issues of fact and law regarding each of Indian Cliffs' grounds for summary judgment.

### STANDARD OF REVIEW ON SUMMARY JUDGMENT

The standard of review on appeal is whether the successful movant for summary judgment at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Hernandez v. Kasco Ventures, Inc.,* 832 S.W.2d 629, 631 (Tex. App.—El Paso 1992, no writ). In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 721 (Tex.App.— El Paso 1991, writ denied). Where the defendant is the movant and submits summary judgment evidence disproving at least one essential element of each of the plaintiff's causes of action, then summary judgment should be granted. *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex. 1983); *Hernandez,* 832 S.W.2d at 633. When the summary judgment does not state the specific grounds upon which it is granted, it must be affirmed if any one of the grounds asserted in the motion is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 891 (Tex.App.—El Paso 1983, no writ). Since the judgment in this case does not state a ground, we will review each of Indian Cliffs' grounds for summary judgment in terms of Montes' points of error.

### MONTES' STATUS ON THE PROPERTY

The common-law duty of negligence consists of three essential elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex. 1987). In its first ground for summary judgment, Indian Cliffs sought to negate the element of breach of duty. Montes attacks this ground in his third point of error.

The duty owed by a premise owner or occupier is determined by the status of the complaining party at the time and place of injury. *Peerenboom v. HSP Foods, Inc.,* 910 S.W.2d 156, 161 (Tex.App.—Waco 1995, no writ); *Graham v. Atlantic Richfield Co.,* 848 S.W.2d 747, 751 (Tex.App.—Corpus Christi 1993, writ denied). Indian Cliffs argued that Montes' invitee status was downgraded to that of licensee when he suspended his pesticide spraying duties to use the men's restroom. An invitee is a person who enters the premises of another in answer to an express or implied invitation from the owner or occupier for their mutual benefit. *Peerenboom,* 910 S.W.2d at 161. An owner or occupier owes an invitee the duty to keep the property safe. The owner or occupier must use reasonable care to protect invitees from reasonably foreseeable injuries. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). A licensee, on the other hand, is a person who is privileged to enter and remain on the premises by the express or implied permission of the owner. *Peerenboom,* 910 S.W.2d at 163. A land owner or occupier is liable to a licensee only if the owner or occupier has actual knowledge of the condition that injured the plaintiff. *City of El Paso v. Zarate,* 917 S.W.2d 326, 331 (Tex.App.—El Paso 1996, no writ). Thus, Indian Cliffs urged in its motion for summary judgment that it did not breach its duty to licensee Montes because it did not have actual knowledge of the condition that injured him.

Although Indian Cliffs' uncontradicted summary judgment evidence established that it had no actual knowledge of the presence of the syringe, Indian Cliffs as movant also bore the burden of proving Montes' li-

censee status as a matter of law. This it failed to do. In the absence of a relationship that inures to the mutual benefit of the entrant and the owner, an entrant is considered a licensee. *Peerenboom*, 910 S.W.2d at 163. Indian Cliffs contended that Montes became a mere licensee during the time he deviated from his duties to use the restroom because "[n]o benefit inured to INDIAN CLIFFS as [Montes] sat atop the commode." The facts relevant to Montes' status are not in dispute. Indian Cliffs does not dispute that Montes entered its premises as an invitee. Montes does not dispute that once he entered the restroom, he momentarily stopped actively performing his job duties. He further admits that he was injured while using the restroom facilities.

■ Since the facts are not in dispute, the question becomes whether the scope of Indian Cliffs' invitation to Montes was broad enough to include Montes' use of the restroom facilities. A person may be an invitee as to certain parts of the premises, but not as to other parts, and when he leaves that part of the premises to which he has been invited and enters upon another part, his status is immediately changed from that of invitee to that of a trespasser or mere licensee. It is only where it appears that the plaintiff sustained the injury while using a part of the premises that was designed for his accommodation or use that the owner or occupant may be held liable to the victim as an invitee. *Hopkins v. Texas Power & Light Co.*, 514 S.W.2d 143, 148 (Tex.Civ.App.—Dallas 1974, no writ). The test to determine whether a person is an invitee at the time and place of the injury is whether the owner of the premises should have anticipated the presence of someone such as the plaintiff at that particular place on the premises. *Peerenboom*, 910 S.W.2d at 162.

In its summary judgment proof, Indian Cliffs makes only the conclusory statement that it "anticipated that Montes would limit himself to the performance of his duties" and it "did not anticipate that Montes would use the men's room." Indian Cliffs failed, however, to allege any facts to establish why it did not anticipate Montes' presence in the restroom, whether to spray for pests or use

the facilities. Moreover, that Indian Cliffs *did not* anticipate Montes would use the restroom is insufficient to establish that Indian Cliffs *should not* have reasonably anticipated Montes' momentary need to actually use the public restroom present on the premises. There is no evidence that Indian Cliffs restricted Montes' access to the restroom, communicated a prohibition against using the facilities to Montes, or otherwise excluded the public restroom from the scope of Montes' invitation to be upon the premises. Whether Indian Cliffs should have anticipated that Montes, whom it admits entered its premises as an invitee, might need to use its public restroom remains an issue of fact. Indian Cliffs thus failed to establish as a matter of law that the restroom where Montes sustained injury was not a part of the premises that was designed for his accommodation or use. Accordingly, we find that summary judgment could not properly have been granted on Indian Cliffs' first ground and we therefore sustain Montes' third point of error.

### INDIAN CLIFFS' DUTY TO AN EMPLOYEE OF AN INDEPENDENT CONTRACTOR

Indian Cliffs' second ground for summary judgment relied on Montes' status as an independent contractor. Montes does not dispute that he was employed by an independent contractor while working on Indian Cliffs' premises. Indian Cliffs argued that it owed no duty to Montes as the employee of an independent contractor. Montes attacks this ground in his first point of error.

■ The threshold inquiry in a negligence action is determining whether the defendant owed a duty to the plaintiff. *El Chico Corp.*, 732 S.W.2d at 311. The existence of a duty is a question of law. *Mitchell v. Missouri–Kan.–Tex.R.R.,Co.*, 786 S.W.2d 659, 662 (Tex.1990). Generally, an employer does not have a duty to see that an independent contractor performs his or her work in a safe manner. *Abalos v. Oil Dev. Co. of Texas*, 544 S.W.2d 627, 631 (Tex.1976); *Staublein v. Dow Chemical Co.*, 885 S.W.2d 502, 505 (Tex.App.—El Paso 1994, no writ). An owner or occupier of land who engages an

independent contractor is not obligated to protect the contractor's employees from hazards that are incidental to, or part of, the work the independent contractor is hired to perform. *Shell Chem. Co. v. Lamb,* 493 S.W.2d 742, 747–48 (Tex.1973); *Hammack v. Conoco, Inc.,* 902 S.W.2d 127, 130 (Tex. App.—Houston [1st Dist.] 1995, writ denied). A premises owner or occupier, however, owes a duty to provide an independent contractor and its employees a safe place to work. *Hammack,* 902 S.W.2d at 130. The employee of an independent contractor is a business invitee. *See Staublein,* 885 S.W.2d at 505. With regard to conditions on the premises which do not arise from the activities of the independent contractor, the premises owner or occupier owes the same duty of care to the employee of an independent contractor as to any other invitee.

■ Montes argues that the trial court erred in granting summary judgment because Indian Cliffs failed to establish how the syringe came to be on the bathroom floor. Indian Cliffs provided no summary judgment evidence that the dangerous condition, the syringe lying on the floor, arose from Montes' activities as a pesticide sprayer. Accordingly, Indian Cliffs failed to prove that it owed no duty to Montes in connection with the particular condition he alleges caused his injury. We therefore sustain that portion of Montes' first point attacking the judgment on Indian Cliffs' second ground.

### INDIAN CLIFFS' KNOWLEDGE OF THE PRESENCE OF THE SYRINGE

■ Indian Cliffs' third ground for summary judgment alternatively assumed that Montes was a business invitee, but alleged no actual or constructive knowledge of the presence of the syringe in the men's restroom. Montes attacks this ground in his first point of error also.

■ The Texas Supreme Court stated the elements of a premises liability cause of action in *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292 (Tex.1983). The elements are:

(1) actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) that the condition posed an unreasonable risk of harm;

(3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Corbin,* 648 S.W.2d at 296; *see also Keetch v. Kroger Company,* 845 S.W.2d 262, 264 (Tex. 1992). In an attempt to negate the element of actual or constructive knowledge, Indian Cliffs, through the affidavit of its president, Dieter Gerzymisch, established that it "did not know that a hypodermic syringe was present at any time or any place in the men's room. Indian Cliffs has never heard of a hypodermic syringe being present in the men's room. Neither the men's room nor the restaurant generally has a history of drug use. Indian Cliffs had no reason to anticipate that a hypodermic syringe would be present in the men's room." Indian Cliffs' argument is essentially an attack on duty through an alleged lack of foreseeability. The question of duty turns on the foreseeability of harmful consequences, which is the underlying basis for negligence. *Corbin,* 648 S.W.2d at 296. Montes failed to raise any evidence contradicting Gerzymisch's affidavit. He argues on appeal, however, that Gerzymisch's affidavit fails to negate constructive knowledge as a matter of law because the exact nature or manner of occurrence of harm need not be foreseeable for a party to have constructive knowledge of potential danger. We agree.

■ Indian Cliffs' affidavit clearly established that it would have no reason to anticipate the presence of a syringe, or other drug paraphernalia, on its premises because it had no notice of any drug use and no prior reports of drug paraphernalia found in the restrooms. Indian Cliffs thus conclusively established that it had no actual or constructive knowledge of danger posed by syringes on the men's room floor. Indian Cliffs' proof, however, is too narrow. The law does not require that the particular accident com-

plained of should have been foreseen. Rather, the injury must be of such a general character as might reasonably have been anticipated; and the injured party should be so situated with relation to the wrongful act that injury might reasonably have been foreseen. *Nixon*, 690 S.W.2d at 551 (holding that specific knowledge of previous rapes in an area was not necessary for rape to be foreseeable when defendant had knowledge of high crime rate of area generally). Cases are legion finding stray objects or substances on floors both foreseeable and dangerous. *See e.g. Hernandez v. Kroger Co.*, 711 S.W.2d 3, 4 (Tex.1986)(debris tracked into foyer); *Corbin*, 648 S.W.2d at 296 (grapes); *National Convenience Stores, Inc., v. Arrington*, 896 S.W.2d 312, 313 (Tex.App.—Houston [1st Dist.] 1995, no writ)(floor mat); *Torrez v. Standard Brand Paint*, 795 S.W.2d 13, 14 (Tex.App.—El Paso 1990, writ denied)(broken floor tile); *Furr's Super Market v. Garrett*, 615 S.W.2d 280, 281 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.)(banana peel). Accordingly, we find that Indian Cliffs' affidavit failed to conclusively negate the foreseeability of stray items on its floors causing injury to persons on its premises. We therefore sustain that portion of Montes' first point of error attacking Indian Cliffs' third and final ground supporting the summary judgment.

### CONCLUSION

We find that Indian Cliffs' affidavit was insufficient to conclusively establish all facts necessary to support the summary judgment on any of Indian Cliffs' three alternative grounds. We therefore sustain Montes' first and third points of error. Our disposition of these points makes it unnecessary to reach Montes' second and fourth points. Accordingly, we reverse the judgment of the trial court and remand the cause for proceedings not inconsistent with this opinion.