**Paul DABNEY, Jr. and Teri Dabney, Appellants,**

v.

**WEXLER–McCOY, INC., Appellee.**

No. 06–97–00011–CV.

Court of Appeals of Texas, Texarkana.

Argued Aug. 19, 1997.

Decided Oct. 10, 1997.

---

E. Ben Franks, Franks & Grimes, Texarkana, for appellants.

Ralph K. Burgess, Patton, Haltom, Roberts, Texarkana, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Paul Dabney, Jr. and Teri Dabney appeal from a judgment denying them damages for physical harm incurred when Paul Dabney, Jr. tripped on a sheet of plywood at Wexler–McCoy's place of business. They contend in three points of error that the trial court erred by asking the jury to decide whether Paul was an invitee or licensee on Wexler–McCoy's premises, by giving the jury an incorrect definition of invitee negligence, and by instructing the jury that "the fact that an accident happens is no evidence that there was an unreasonable risk of such occurrence."

Paul, an employee of Pitney–Bowes, went into Wexler–McCoy's place of business, joining another Pitney–Bowes' employee, Ben Aultman, who was attempting to repair a scale postage system. It appears that Paul went to this location at the repairman's request and that his purpose in going there was either to explain to Wexler–McCoy why the scale was inadequate or to sell Wexler–McCoy a new piece of equipment. While there, he walked around the table holding the scales. The table was mounted on a piece of 3/4–inch plywood nailed to the floor. He

caught his foot on the plywood and fell. The fall injured Paul's back. The evidence shows that he has been unable to work since that time and that he has incurred over $30,000.00 in medical bills and has undergone surgery in failed attempts to alleviate the problem.

The case was submitted to the jury on alternative theories of licensee or invitee liability. The jury found that Paul was a licensee and that Wexler–McCoy was not negligent. Based upon these findings, the trial court rendered a take-nothing judgment against the Dabneys.

■ The Dabneys first contend that the trial court erred by improperly submitting an issue to the jury asking it to decide whether Paul was an invitee or a licensee. At trial, as here, the Dabneys argued that the issue should not go to the jury because the evidence permitted only a single answer: that Paul was an invitee. The question is critical because the jury's determination that Wexler–McCoy was not negligent was based upon licensee standards, which are higher and more difficult to meet than are invitee standards.

■ Whether evidence is legally sufficient to support submission of a theory is a question of law to be reviewed de novo by an appellate court. A trial court is obligated to submit a question if the evidence supporting the question amounts to more than a scintilla. *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992). In reviewing the evidence, we are to consider the evidence most favorably on behalf of the party who submitted the issue. *Id.*

In the present case, Wexler–McCoy contends that the following evidence is sufficient to support submission of the question to the jury:

(1) Wexler–McCoy did not explicitly invite Paul—but rather the repairman—to repair a broken Pitney Bowes machine.

(2) The invitation came from the repairman, not Wexler–McCoy.

(3) A bookkeeper for Wexler–McCoy who sent Paul to the room where the repairman was did not invite him to enter, but merely informed him where Aultman was working.

■ ·The question is whether this evidence provides proof that would properly permit the court to send an issue to the jury. In reviewing the question of whether this evidence requires a single result, we look to see if the definition of invitee has been met as a matter of law. An "invitee" is defined as a *person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual advantage.* *Silva v. Spohn Health Sys. Corp. d/b/a Spohn Hosp.*, 951 S.W.2d 91 (Tex. App.-Corpus Christi 1997, n.w.h.); *Texas Power & Light Co. v. Holder,* 385 S.W.2d 873, 885 (Tex.Civ.App.-Tyler 1964), *writ ref'd n.r.e.,* 393 S.W.2d 821 (Tex.1965).

In this case, it is clear that Aultman, the repairman, had an express invitation to enter the premises to repair a malfunctioning piece of equipment. Aultman called Paul to come and help him—perhaps not by aiding in the repair itself, but by helping to explain to Wexler–McCoy what changes might be best for its business or alternatively to explain why the problem could not be fixed in that particular situation.

An express invitation in this context is not necessarily limited to a specific individual, but extends as an implied invitation to those others whose presence is reasonably required to achieve the goal desired by the owner. In this case, the repairman sought assistance in servicing the equipment, which might have extended to a replacement.· Paul's response to the owner's need constitutes an entry pursuant to an implied invitation as a matter of law.

We conclude that the evidence permits only a single result and that there is no evidence that could be construed to permit a question on this issue to be submitted to the jury. As the jury erroneously concluded from this legally inadequate evidence that Paul was a licensee in answer to the question, the wrong legal standards were then used in determining liability. This constitutes error that certainly would cause rendition of an improper judgment. Tex.R.App. P. 81(b)(1).

Because they will necessarily appear in the retrial of this cause, we also address the Dabneys' remaining points of error. In their second argument, the Dabneys contend that the court gave the jury an incorrect instruction on the duty of care and negligence that would cause a defendant to be liable for harm caused to an invitee. The Dabneys are correct. At the time of trial, the supreme court had held that one standard was correct and that standard was used in this case. This holding by the supreme court was not final, however, and on rehearing the court held that the following definition should be provided to the jury so that it could determine invitee liability.

■ With respect to the condition of the premises, defendant was negligent if—

a. the condition posed an unreasonable risk of harm;

b. defendant knew or reasonably should have known of the danger; and

c. defendant failed to exercise ordinary care to protect plaintiff from danger, by both failing to adequately warn plaintiff of the condition and failing to make that condition reasonably safe.

*State · v. Williams,* 940 S.W.2d 583 (Tex.1997)(second per curiam opinion on rehearing). On retrial of the present case, the jury should be so instructed. The point of error is sustained.

■ In their final point of error, the Dabneys contend that the court erred by commenting on the weight of the evidence in an instruction to the jury. An instruction is proper if it finds support in any evidence of probative value and might be of some assistance to the jury in answering the questions submitted. *Louisiana & Arkansas Ry. Co. v. Blakely,* 773 S.W.2d 595, 598 (Tex.App.-Texarkana 1989, writ denied).

■ We review a trial court's decision to submit a particular instruction under an abuse of discretion standard. The trial court is therefore given wide latitude to determine the propriety of explanatory instructions and definitions. *Mobil Chem. Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974); *DeLeon v. Pickens,* 933 S.W.2d 286, 290 (Tex.App.-Corpus Christi 1996, no writ). If error is shown, we reverse only if, when viewed in light of the

totality of the pleadings, evidence, and charge, the error amounted to such a denial of the rights of the complaining party as was probably calculated to cause and probably did cause the rendition of an improper judgment. *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986); *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44 (Tex.App.-Texarkana 1994), *aff'd. in part & rev'd in part on other grounds,* 950 S.W.2d 48 (Tex.1997).

■ In the complained-of instruction, the court instructed the jury that "[t]he fact that an accident happens is no evidence that there was an unreasonable risk of such an occurrence." This is a correct statement of the law. *Thoreson v. Thompson,* 431 S.W.2d 341, 344 (Tex.1968). A trial court has wide discretion in submitting instructions and definitions in a jury charge, and this discretion is abused only when the court acts without reference to any guiding principle. TEX.R. CIV. P. 278; *Texas Dep't of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex.1990); *see Bell,* 517 S.W.2d 245; *Louisiana & Arkansas Ry. Co. v. Capps,* 766 S.W.2d 291 (Tex.App.-Texarkana 1989, writ denied).

A court's charge is not objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence when it is properly a part of an instruction or definition. TEX.R. CIV. P. 277. The instant instruction does not refer to specific facts in this case. Thus, it is not a direct comment on the weight of the evidence and, since it is a correct statement of the law, we cannot say that its giving probably caused the rendition of an improper judgment. This point of error is overruled. However, our disposition of this point should not be construed as approval of this instruction.

The judgment is reversed, and the cause is remanded for a new trial.