Guadalupe C. Torres v. Peters' Wholesale Greenhouses, Inc.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-100-CV

     GUADALUPE C. TORRES,
                                                                              Appellant
     v.

     PETERS' WHOLESALE 
     GREENHOUSES, INC.,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 96-05-13996BCCV
                                                                                                               

O P I N I O N
                                                                                                               

      Appellant Guadalupe C. Torres appeals a jury’s take-nothing judgment in favor of the
defendant. Torres claims that the trial court erred when it: (1) submitted a question to the jury
asking whether he was an invitee or licensee because he was an invitee as a matter of law and (2)
submitted his case as a premises liability case rather than as a negligent activity case.
      We affirm the judgment.
FACTUAL BACKGROUND
      The facts are substantially undisputed. Torres started working for Peters’ Wholesale
Greenhouses, Inc. (“Peters”) in December of 1990. Torres was given the option of living in a
mobile home located on Peters’ property and paying Peters rent or living off-site.


 Torres chose
the mobile home. 
      Torres and several other employees of Peters, who also lived on-site, would build fires on the
property approximately once a month in which they would grill food, talk, and drink beer. On
the night of February 3, 1996, Torres and several others built a fire near their homes. The men
had finished grilling their food and were sitting around the fire, talking and drinking beer. The
fire began to dwindle and one of the men, Oscar Lozano, retrieved some diesel fuel to put on the
fire to keep it burning. When Lozano threw the diesel fuel on the fire, the diesel container
exploded and enveloped Torres in flames. Torres suffered severe burns to his face, head, and
body.
      Torres sued Peters for various causes of action including, failure to provide a safe place to
live and/or work, negligently supervising its employees, and failure to warn or adequately warn. 
The jury found that Torres was a licensee, that neither his nor Peters’ negligence was a proximate
cause of his injuries, and that he did not sustain any damages.
STATUS AT THE TIME OF THE ACCIDENT
      Torres’ first issue on appeal claims that the trial court erred when it submitted a question to
the jury asking whether he was an invitee or licensee at the time of the accident. Torres claims
that he was an invitee as a matter of law because at the time of the accident, he was a tenant using
a common area and as such, was owed the duty of an invitee as a matter of law.
      As part of his suit, Torres plead that Peters was negligent as his landlord, as his employer,
or as a landowner. However, Torres did not request any jury questions on landlord capacity. 
Instead, Torres’ proposed jury charge included only a negligent activity theory of liability. Torres
did object to the submission of his claim as a premises liability claim and the jury question
determining his status at the time of the accident. 
      Torres had the burden to obtain affirmative answers to jury questions submitting necessary
elements of his cause of action. Ramos v. Frito-Lay, Inc., 784 S.W.2d 667, 668 (Tex. 1990);
Shelton Ins. Agency v. St. Paul Mercury Ins. Co., 848 S.W.2d 739, 744 (Tex. App.—Corpus
Christi 1993, writ denied). Not submitting or requesting the submission of a theory of liability
based upon Peters’ alleged negligence as his landlord, Torres waived his cause of action under this
theory.


 Tex. R. Civ. P. 279


; Westgate, Ltd. v. State, 843 S.W.2d 448, 455 (Tex. 1992) (holding
that party’s request for jury issues and instructions, not its pleadings, determine whether party
preserved his cause of action); Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 495
(Tex. 1991) (because plaintiff requested jury issues regarding negligence and did not request jury
issues on breach of contract claim, plaintiff waived breach of contract claim).
      Torres claims that at the time of the accident, his status was that of an invitee as a matter of
law. The duty owed to a visitor by a land owner is determined by the status of the visitor at the
time and place of the visitor’s injury. Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996);
Montes v. Indian Cliffs Ranch, Inc., 946 S.W.2d 103, 105 (Tex. App.—El Paso 1997, writ
denied). When the evidence of a plaintiff’s status at the time of the accident mandates a single
conclusion, we hold that the plaintiff established his status as a matter of law. Dabney v. Wexler-McCoy, Inc., 953 S.W.2d 533, 536 (Tex. App.—Texarkana 1997, pet. denied). An invitee is a
person who enters upon the premises of another at the express or implied invitation of the owner
or occupier for their mutual benefit or advantage. Allen v. Rogers, 977 S.W.2d 733, 736 (Tex.
App.—Fort Worth 1998, pet. denied); Peerenboom v. HSP Foods, Inc., 910 S.W.2d 156, 161
(Tex. App.—Waco 1995, no writ). A licensee is one who is privileged to enter and remain on the
premises by the express or implied permission of the owner. Montes, 946 S.W.2d at 105;
Peerenboom, 910 S.W.2d at 163. The difference between an invitee and a licensee is that an
invitee is present for the mutual benefit of himself and the landowner while a licensee is on the
premises for his own purposes and not for any business dealings with the landowner. Montes, 946
S.W.2d at 106; Peerenboom, 910 S.W.2d at 163. 
      Torres presented evidence that he lived in a mobile home on Peters’ property and that he and
the other employees occasionally built fires in front of their mobile homes. Torres did not
conclusively establish that he was on Peters’ property for both his and Peters’ benefit at the time
of the accident. Thus, Torres did not conclusively establish as a matter of law that his status at
the time of the accident was that of an invitee. See Allen, 977 S.W.2d at 736; Peerenboom, 910
S.W.2d at 163. Because Torres’ status was not conclusively established as a matter of law, we
hold that the court’s submission of a question asking whether Torres was an invitee or licensee was
proper. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 (Tex. 1997) (court is entitled to
decide an issue as a matter of law when there is no conflict in the evidence, but when there is
conflicting evidence on either side, the issue is a fact question); see also Latham v. Castillo, 972
S.W.2d 66, 68 (Tex. 1998) (if reasonable minds could differ on the facts in question, trial court
errs in refusing to submit one or more issues to the jury).
      We overrule Torres’ first issue.PREMISES LIABILITY OR NEGLIGENT ACTIVITY
      Torres’ second issue on appeal claims that the trial court erred when it submitted his case as
a premises liability case rather than as a negligent activity case. Torres claims he was injured by
a dangerous activity and not by a defect in the premises and that Peters’ alleged negligent
supervision occurred contemporaneously with his injuries. We disagree.
      An owner or occupier of land has a duty to use reasonable care and keep the premises under
his control in a safe condition. Clayton W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527
(Tex. 1997); Redinger v. Living, Inc., 689 S.W.2d 415, 417 (Tex. 1985). An owner may be
liable for negligence for failing to keep the premises in a safe condition in two situations; those
arising from an activity on the premises and those arising from a premises defect. Id. In order
to recover under a negligent activity theory, the injured person must have been injured by, or as
a contemporaneous result of the activity itself, rather than a condition created by the activity. 
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 753 (Tex. 1998) (quoting
Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992)). In other words, when the plaintiff’s
injuries were caused by a condition created by the defendant’s activity rather than the defendant’s
activity itself, he is limited to a premises liability theory of recovery. Keetch, 845 S.W.2d at 264;
Lucas v. Titus County Hosp. District/Titus Memorial Hosp., 964 S.W.2d 144, 153 (Tex.
App.—Texarkana 1998, pet. denied). 
      Torres is correct in stating that he was injured by a negligent activity, that of Lozano pouring
diesel fuel on a burning fire. However, he was not injured by the alleged negligent activity, by
comission or omission, of Peters. Rather, Peters’ alleged negligence allowed Torres and the men
to build a fire on Peters’ property. Torres was not injured by the building of the fire. Torres was
injured when Lozano negligently threw diesel fuel onto the burning fire. Therefore, Torres could
have claimed premises liability by Peters rather than negligent activity. See Timberwalk, 972
S.W.2d at 753 (plaintiff had a premises liability claim because her injuries were a result of
condition—an unreasonable risk of harm which allowed intruder to break in and rape her—that was
created by apartment owner’s negligence in failing to provide adequate security measures); Keetch,
845 S.W.2d at 264 (plaintiff had a premises liability claim because her injuries, sustained when
she fell in a puddle near a store’s floral display, were a result of a condition created by the store’s
negligent spraying and were not sustained by the activity of spraying); Exxon Corp. v. Garza, 981
S.W.2d 415, 420 (Tex. App.—San Antonio 1998, pet. denied) (plaintiff had a premises liability
claim because his injuries—incurred when he saw a fire on an electrical transformer and rushed
to get out of his truck and fell and injured his knee—were a result of a condition created by
employer’s negligent installation of electrical transformers and not a direct result of employer’s
negligent installation); Wal-Mart Stores, Inc. v. Bazan, 966 S.W.2d 745, 747 (Tex. App.—San
Antonio 1998, no pet.) (plaintiff had a premises liability claim when he was injured because of a
razor blade left in the parking lot, because his injuries were sustained as a result of a condition
created by the store’s negligence in failing to keep the premises in a safe condition and was not
injured by the store’s ongoing activity). 
      Finally, Torres’ injuries were not sustained by or as a contemporaneous result of Peters’
alleged negligent supervision. Torres cites Univiversity Preparatory School v. Huitt as dispositive
of his claim that he was entitled to the submission of a negligent activity theory of liability. 941
S.W.2d 177 (Tex. App.—Corpus Christi 1996, writ denied). We disagree. In University
Preparatory School, the plaintiff sued the school for negligent supervision when he injured himself
after jumping into the school’s pool from a balcony. Id. The court held that the plaintiff’s injuries
occurred contemporaneously with the school’s negligent supervision and thus the trial court
correctly submitted the plaintiff’s claim as a negligent activity. Id. at 181. In the present case,
Torres’ injuries did not occur contemporaneously with Peters’ alleged negligence. 
      We overrule Torres’ second issue.
      The judgment of the trial court is affirmed.
 
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
      Justice Cummings (not participating)
      Justice Vance
Affirmed
Opinion delivered and filed April 28, 1999
Do not publish



 Furthermore, a hearing officer's role in adjudging an inmate guilty in
a disciplinary hearing is protected by qualified immunity, and an action for violation of due
process is not maintainable unless the inmate alleges facts to show that the officer knew or should
have known that he was acting outside the law.



      Because the record reflects that either the dismissed defendants were protected by immunity
or the dismissed causes alleged no basis for recovery or were barred by failure to exhaust the
available administrative remedies, we conclude that the trial court did not abuse its discretion in
dismissing the enumerated causes of action against the named defendants as having no arguable
basis in law or fact. Therefore, we overrule point of error one.
      In point two Al-Muhammad contends that the trial court abused its discretion by failing to give
him notice or an opportunity to replead before the action was dismissed. The trial court may
dismiss an action under section 13.001 as frivolous or malicious "either before or after service of
process.


 No prior notice is required.


 Furthermore, because an in forma pauperis action can
be dismissed at any time, a pro se litigant has no right to amend his petition before his suit is
dismissed, even when special exceptions have been granted by the court.


 Accordingly, we
overrule point of error two.
      In point three Al-Muhammad contends that the trial court abused its discretion in failing to
have the remaining defendants served. However, the defendants who were not dismissed from the
original action are not parties to the severed cause, from which Al-Muhammad appeals. Even
though we are required to review pro se appeals with "liberality and patience," we have no
jurisdiction to review complaints regarding a cause which is not before us on appeal.


 Therefore,
we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 22, 1994
Do not publish