# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00318-CV

**David Schreiner, Individually and as Next Friend of Thomas Schreiner,
a Minor, Appellant**

**v.**

**Lakeline Developers, A Texas General Partnership, and M.S. Management
Associates, Inc., Appellees**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
## NO. 00-056-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Schreiner sued appellees Lakeline Developers and M.S. Management Associates, Inc. (collectively, ALakeline@) after Schreiner=s son, Thomas, was injured while riding an escalator at a mall owned by Lakeline. Lakeline filed a no-evidence motion for summary judgment, and the trial court granted the motion. Schreiner appeals from the summary judgment, asserting that a genuine issue of material fact exists as to each element of his cause of action. We will overrule his issue and affirm the trial court=s judgment.

## BACKGROUND

On December 5, 1998, Thomas Schreiner, who was ten at the time, was riding a crowded escalator to the second floor of the Lakeline mall. A live Christmas display and Christmas decorations were

on exhibit on the first floor of the mall, and Thomas rested his head on the moving escalator handrail to get a better view of the display and decorations. As he reached the top of the escalator, Thomas=s head was caught in a space between the moving escalator handrail and a stationary metal guardrail located near the top of the escalator on the second floor. Thomas suffered a severe laceration to his scalp as a result of the incident.

Thomas=s father sued Lakeline for negligently maintaining its premises. Lakeline moved for a no-evidence summary judgment, which was initially denied. Lakeline then filed a motion to reconsider its no-evidence motion for summary judgment. The trial court granted the motion to reconsider, and after reconsidering the summary judgment motion, granted summary judgment in favor of Lakeline. Schreiner appeals from the summary judgment.

## DISCUSSION

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.CAustin 1998, no pet.). In other words, we must determine whether the evidence produced by the non-movant raises a genuine fact issue on the material questions presented. *Id.* When analyzing no-evidence summary judgments, we consider the evidence in the light most favorable to the non-movant; every reasonable inference is indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.* Summary judgment should be granted if the non-movant fails to bring forth more than a scintilla of probative evidence on the material issues in question. *Domizio v. Progressive County Mut. Ins. Co.*, 54 S.W.3d 867, 871 (Tex. App.CAustin 2001, no pet.). More than a scintilla of evidence exists if the evidence Arises to a level

that would enable reasonable and fair-minded people to differ in their conclusions.@ *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)).

It is undisputed that Schreiner was Lakeline=s invitee, *see Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (defining invitee as one who enters property of another Awith the owner=s knowledge and for the mutual benefit of both@); accordingly, Lakeline owed Schreiner a duty to exercise reasonable care to protect him from dangerous conditions on the property that created an unreasonable risk of harm of which Lakeline knew or by the exercise of reasonable care should have known. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999). To defeat a no-evidence motion for summary judgment, a plaintiff must raise a fact issue as to: (1) the premises owner=s actual or constructive knowledge of some condition on the premises; (2) whether the condition posed an unreasonable risk of harm; (3) the premises owner=s failure to exercise reasonable care to reduce or eliminate the risk; and (4) whether the failure to use such care proximately caused the plaintiff=s injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). In its motion for summary judgment, Lakeline contended that Schreiner had no evidence that Lakeline had actual or constructive knowledge of some condition on the premises, that the condition posed an unreasonable risk of harm, or that Lakeline failed to exercise reasonable care to reduce or eliminate the risk.

The existence of actual or constructive knowledge of a dangerous condition is a threshold requirement for a premises defect claim. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). A

**3**

condition presents an unreasonable risk of harm if there is such a probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Rosas*, 518 S.W.2d at 537; *Seidenick v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). Accordingly, a land owner can be charged with knowledge and appreciation of an unreasonably dangerous condition on his premises only if from a reasonable inspection a reasonably prudent person should have foreseen a probability that the condition would result in injury to another. *Seidenick*, 451 S.W.2d at 754. While there is no bright line test that may be applied to resolve the issue, evidence of other incidents attributable to the same defect or condition is probative, although not conclusive. *Seidenick*, 451 S.W.2d at 754; *see also Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 342 (Tex. App.CAustin 2000, pet. denied). Similarly, evidence of the defectiveness of the condition causing the injury is probative. *Seidenick*, 451 S.W.2d at 754.

In this case, Schreiner argues that the stationary guardrail on the second floor Awas constructed in such a way that it protrudes toward a moving escalator rail, creating a space where a person would be injured if caught.@ He directs us to photos provided in response to the summary judgment motion, demonstrating the position of the escalator and the stationary guardrail on the second floor. He also provided the deposition testimony of Thomas, in which he described the Christmas display on the first level of the mall and how crowded the escalator was when he was on it. Schreiner further argues that the existence of placards placed near the escalators instructing mall patrons on the appropriate use of escalators demonstrates that Lakeline had constructive knowledge of the unreasonably dangerous condition created by the position of the stationary guardrail and the escalator handrail.

Schreiner presented no expert testimony; only factual lay testimony was offered. Further, Schreiner provided no evidence that anyone had previously been injured by the arrangement of the stationary guardrail and the escalator. There is no evidence that the construction of the stationary guardrail or the escalator was somehow defective or unusual. Schreiner did not present evidence that the position of the stationary guardrail and the moving escalator handrail was inherently dangerous or hazardously situated. There is no evidence that the construction of the stationary guardrail in relation to the escalator handrail was not in compliance with applicable standards, or that the particular construction and placement of the stationary guardrail and escalator handrail would have served as a suggestion or warning to Lakeline that they presented the prohibited degree of danger, even if Lakeline had attempted an inspection for dangerous conditions. And it is well settled that the mere fact that an accident occurred is no evidence that there was an unreasonable risk of such an occurrence. *Dabney v. Wexler-McCoy, Inc.*, 953 S.W.2d 533, 537 (Tex. App.CTexarkana 1997, pet. denied) (citing *Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968)).

The duty of a premises owner to an invitee is not that of an insurer; nor is a premises owner strictly liable for conditions that result in injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The fact that Thomas was injured by the stationary guardrail while riding on the escalator with his head resting on the moving escalator handrail is evidence only that he was injured by the stationary guardrail while riding on the escalator. These unusual circumstances presented by Schreiner, however, are no evidence of an unreasonably dangerous condition that a reasonably prudent person should have foreseen would result in injury. And although the placards may constitute some evidence that Lakeline was aware of the inherent risks of riding an escalator, they provide no evidence that Lakeline knew or should have known

**5**

of the condition that Schreiner asserts caused his son=s injuries, that is, the position of the stationary guardrail in relation to the escalator.  Accordingly, we overrule Schreiner=s issue.

## CONCLUSION

Because we conclude that Schreiner failed to bring forth more than a scintilla of evidence raising a genuine fact issue as to the material elements of his claim, we overrule his sole issue on appeal and affirm the trial court=s summary judgment.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   February 21, 2003