NO. 07-99-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 30, 2001

______________________________

ALONZO FLOYD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 237
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-429014; HONORABLE SAM MEDINA, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Alonzo Floyd appeals from his conviction for burglary of a habitation.  He asserts that the trial court erred in overruling his motion to suppress evidence obtained as the result of actions by a private citizen, and in failing to properly charge the jury on search and seizure law.  We affirm.

BACKGROUND

On October 31, 1998, appellant Alonzo Floyd attended a garage sale being held by Steven “Trey” Wood at Wood’s residence on Avenue U, in Lubbock, Texas.  During the day of October 31st
, and at the invitation of appellant, Wood went to appellant’s house to help appellant install a telephone which was one of two items appellant purchased at the garage sale.  Wood delivered the other item to appellant’s house later that evening. 

The next day, Wood was in and out of his Avenue U residence because he was in the process of moving to his new residence on 80th
 street in Lubbock.  Wood returned to his Avenue U residence at approximately 9:30 p.m. and discovered that the front door was unlocked and several items were missing.  The missing property included a large box containing kitchen items, a rug, and a large mirror.  One of Wood’s neighbors had seen a black male and a black female carrying items to a turquoise car.  Wood recalled seeing a turquoise car at appellant’s house the previous day and went to speak with appellant about the missing property.  As Wood approached the door to appellant’s house, he saw his missing rug on the floor through a cracked portion of torn window blinds.  Wood telephoned the information to the Lubbock police.  Officer Marshall Paul responded and obtained information from Wood as to property Wood was missing in addition to the rug Wood had seen on the floor in appellant’s house.  Paul then went to appellant’s house to investigate the matter.  As a result of Paul’s investigation at appellant’s house, he arrested appellant.  A Lubbock County grand jury subsequently indicted appellant for the offense of burglary of a habitation.  
See
 
Tex. Pen
. 
Code Ann
. § 30.02 (Vernon Supp. 2001).  A jury found appellant guilty and assessed his punishment, enhanced by two prior felony convictions, at confinement for 25 years.  

By his first issue, appellant contends that the trial court erred by denying his first amended motion to suppress evidence because Wood, a private citizen, obtained evidence used against appellant by violating the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, § 9 of the Texas Constitution.  Appellant’s first issue also asserts that Article 38.23 of the Texas Code of Criminal Procedure
(footnote: 1) required the evidence to be suppressed because the evidence was obtained in violation of his constitutional rights and in violation of “law.”  Appellant reasons that Wood was trespassing on appellant’s property when Wood looked through the window and saw his rug in appellant’s house; thus, Wood’s action was a violation of Texas law. The sight by Wood of his rug in appellant’s house produced “fruit” by leading to Officer Paul’s discovery of the remainder of the stolen items in appellant’s house.  

Appellant contends by his second issue that the trial court erred in denying his requested jury instructions which were based on Article 38.23.  He urges that fact issues were raised at trial as to whether evidence against him was obtained in violation of laws of the State of Texas and the Constitution and laws of the United States, mandating the jury instructions.  We will address appellant’s issues sequentially, as he presents them.

FAILURE TO SUPPRESS EVIDENCE

At the hearing on appellant’s motion to suppress, only Wood and Officer Paul testified.  Wood testified as we have related the facts above.

According to Paul’s testimony at the suppression hearing, when Paul arrived at appellant’s house and knocked on the door, he was greeted by a young lady who, it later turned out, was Latoya Hastings, a resident of the household.  Paul inquired of Hastings whether there was a black man at the house that shopped at garage sales.  Paul testified that he asked Hastings if he could come in, and that she invited him inside the house while they talked.  Hastings eventually went to get appellant, who was asleep in a rear bedroom.  While standing inside the door and waiting for appellant to appear, Paul saw a rug on the floor which matched the description of Wood’s stolen rug.  Paul also saw a cardboard box and a large mirror in the kitchen.  The cardboard box and mirror matched the description of items reported stolen by Wood.  

Paul testified that Hastings returned to where he was waiting and reported that she was unable to arouse appellant from his sleep.  Officer Paul then went to the rear bedroom and found appellant asleep.  He also observed a pair of work gloves in plain view on the bed.  The gloves had the name “T. Wood” written on them.  Appellant denied any knowledge of the gloves, although they were on the bed where he had been asleep.  Paul arrested appellant.

Generally, a trial court’s ruling on a motion to suppress evidence is reviewed under an abuse of discretion standard.  
Oles v. State
, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999).  Appellate courts afford almost total deference to trial court determinations of historical facts and decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor.  
Guzman v. State
, 955 S.W.2d 85, 87-89 (Tex.Crim.App. 1997). However, when presented with a question of law based on undisputed facts, as in this instance, we conduct a 
de novo 
review.  
Id
. at 89.  

The United States Constitution protects against an unlawful search or seizure conducted by the government, but not an unlawful search or seizure by a private citizen.  
United States v. Jacobsen
, 466 U.S. 109, 115, 104 S.Ct. 1652, 1657, 80 L.Ed.2d 85 (1984); 
Walter v. United States
, 447 U.S. 649, 656, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980).  Similarly, Article I, § 9 of the Texas Constitution does not protect against an unreasonable search or seizure by a private citizen.  
State v. Comeaux
, 818 S.W.2d 46, 49-50 (Tex.Crim.App. 1991).  

There was no evidence that Wood was acting as a law enforcement agent for the State, thus invoking the protections of the United States or Texas Constitutions.  
See
 
Coolidge v. New Hampshire
, 403 U.S. 443, 488, 91 S.Ct. 2022, 2049, 29 L.Ed.2d 564 (1971).  Even if Wood’s action in looking through the window of appellant’s house were a search, which we do not decide it was, the action was not a violation of appellant’s rights protected by the federal or state constitutions.

Article 38.23, however, affords broader protections than the constitutional provisions.  Article 38.23 prohibits the admission of evidence in a criminal trial if the evidence was obtained in violation of any federal or state law by either a law enforcement officer or a private citizen.  
See
 
State v. Johnson
, 939 S.W.2d 586, 588 (Tex.Crim.App. 1996).  

Appellant contends that Wood violated the law by trespassing on appellant’s property and unlawfully obtaining evidence by looking into his window.  Appellant does not contend that Wood’s conduct amounted to a criminal trespass under the Texas Penal Code.  
See
 
Tex. Pen. Code Ann
. § 30.05 (Vernon Supp. 2001).  Instead, appellant relies on 
Malouf v. Dallas Athletic Country Club
, 837 S.W.2d 674 (Tex.App.--Dallas 1992, writ dism’d w.o.j.) and 
Rowland v. City of Corpus Christi
, 620 S.W.2d 930 (Tex.Civ.App.--Corpus Christi 1981, writ ref’d n.r.e.) for the contention that Wood’s conduct amounted to an unlawful trespass.  But, both of these cases dealt with negligence causes of action and violation of civil duties between persons.  Neither case addressed a violation of statutory law.  

Several courts have held that a common law or civil trespass is not a violation of the law under Article 38.23.  
See
 
Crowell v. State
, 147 Tex. Crim. 299, 305, 180 S.W.2d 343, 347  (1944); 
Carroll v. State
, 911 S.W.2d 210, 221 (Tex.App.--Austin 1995, no pet.); 
Delosreyes v. State
, 853 S.W.2d 684, 689 (Tex.App.--Houston [1
st
 Dist.] 1993, pet. ref’d).  In 
Crowell
, a witness passed by the back window of the appellant’s home and saw two people engaging in sexual intercourse.  
Crowell
, 180 S.W.2d at 345.  The witness went to get a police officer, and the officer arrested all parties after witnessing the act.  At trial, the appellant attempted to suppress the testimony of the witness and the officer based on an illegal search of his residence.  
Id
.  The court rejected this argument and held that the witness and the officer did not conduct an unlawful search because the sexual act was in open view to anyone passing by the home.  
Id
. at 346.  The court further rejected appellant’s contention that the evidence must be suppressed under article 727a
(footnote: 2) (currently Article 38.23(a)) because the witness and the officer were trespassers.  The court noted, “there is no statute making it an offense merely to go upon the premises or property of another” and concluded that even if the witness and the officer were guilty of civil trespass, their conduct did not fall under article 727a.  
Id
. at 347.  In 
Delosreyes
, a police officer approached the driveway of appellant’s house and smelled marijuana coming from the garage.  
Delosreyes
, 853 S.W.2d at 687.  The appellant maintained at trial that the evidence should be suppressed under Article 38.23 because the officer was a trespasser.  
Id
. at 688.  The court concluded that the officer did not commit a criminal trespass and in relying on 
Crowell
, held that a common law trespass “does not amount to a violation of law for the purposes of [38.23(a)].”  
Id
. at 689.

We conclude that even if Wood’s conduct amounted to a common law or civil trespass, it did not constitute a violation of law within the meaning of Article 38.23.  Accordingly, Article 38.23 did not require exclusion of evidence that Wood saw his rug in appellant’s house, nor evidence obtained by Officer Paul as “fruit” of Wood’s reported sighting.  Appellant’s first issue is overruled.

JURY INSTRUCTIONS

Appellant’s second issue challenges the trial court’s failure to instruct the jury that if it believed, or had a reasonable doubt, that evidence was obtained in violation of the constitutions or law, as provided by Article 38.23, then the jury was to disregard any such evidence so obtained.  
See
 Article 38.23.  His reasoning is based on evidence presented at trial which was not presented at the suppression hearing, and which, he urges, created factual questions for the jury regarding the legality of evidence that Wood’s property was in appellant’s house.  Appellant’s position is twofold: (1) evidence at trial raised factual questions as to whether Wood’s observation of his rug on appellant’s floor, through the window, was illegal, and (2) trial testimony of Latoya Hastings created a factual question as to Officer Paul’s permission to enter appellant’s house, to look around in the house, and to go to the room where appellant was asleep and Wood’s work gloves were located.

If the evidence raises a fact issue on the lawfulness of a search under the federal or state constitution, Article 38.23 requires the trial court to instruct the jury on the issue of the lawfulness of the search.  
See
 Article 38.23; 
Maldonado v. State
, 998 S.W.2d 239, 246 (Tex.Crim.App. 1999).  The trial court is not required to give an Article 38.23 instruction when the admissibility of the evidence presents a legal determination for the trial judge, rather than a factual determination for the jury.  
See
 
id
.

Appellant first contends that Wood unlawfully trespassed on his property because evidence at trial demonstrated that the area in front of the window was not a public walkway, and Wood was approximately one foot from the window when he saw the rug.  Appellant introduced a videotape which displayed the exterior of appellant’s house, as well as a scene panning from the exterior window into the house.  He also offered testimony that a person had to be within one foot of appellant’s window to see into the house.  He maintains that a fact issue was created for the jury because Wood testified that he was anywhere from four feet to five yards from the window when he saw his rug in appellant’s house.  

The factual difference between Wood’s being one foot or five yards from appellant’s window when he looked through it does not affect the question of whether Wood’s conduct amounted to a violation of law under Article 38.23.  As the trial court determined, and as we have previously determined, Wood’s presence and actions were not such a violation of law as is contemplated by Article 38.23, regardless of his distance from the window.  The trial court was not required to submit the requested instruction on the basis of Wood’s conduct.  
See
 
id
.; 
Thomas v. State
, 723 S.W.2d 696, 707 (Tex.Crim.App. 1986).  

As to Officer Paul’s presence in the house, the trial judge noted in the record that appellant’s witness Hastings specifically testified that she not only gave Paul permission to enter the house, but that she invited him to go to the back bedroom where appellant was asleep.  Our review of the record confirms the trial judge’s conclusion.  Although Paul’s recollection of the exact sequence of events and specific words used by Hastings differed somewhat from her description, neither of them raised a question about Paul’s having consent to be inside the house.  Hastings’ testimony on direct examination by appellant’s counsel was that “I guess the way I said it, you know, kind of just invited [Paul] in to go get [appellant], . . . .”  On cross examination she confirmed that she invited Paul to go back to the bedroom where appellant was asleep.   

The record is conclusive that the evidence was in plain view as Paul entered into the house and proceeded to the bedroom where appellant was asleep.  Items in plain view may be seized if the intrusion is proper and the police have probable cause to associate the items with criminal activity. 
See
 
State v. Haley
, 811 S.W.2d 597, 599 (Tex.Crim.App. 1991).  A fact question was not presented as to (1) Paul’s permission to be in the house, (2) his search of the house, or (3) seizure of the evidence inside the house.  

The trial court did not err in refusing to instruct the jury as requested.  We overrule appellant’s second issue.

CONCLUSION

Having overruled both of appellant’s issues, we affirm the judgment of the trial court.  
Tex. R. App. P.
 43.2(a). 

Phil Johnson

    Justice

Do not publish. 

   

  

FOOTNOTES
1:
Tex. Code Crim. Proc. Ann
. art. 38.23 (Vernon  Supp. 2001), hereafter referred to as Article 38.23.

2:
See
 Vernon’s Ann. C.C.P. 1929, art. 727a, which provided, “No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.”  Act of June 28, 1929, 41st
 Leg., 2d C.S., Ch. 45, 1929 Tex. Gen. Laws 79 (amended 1953, re-enacted 1965).