Carlos ALMANZA, Appellant,

v.

Maria De Jesus H. NAVAR, and Mary Margaret Navar, As Administratrix of the Estate of Maria De Jesus H. Navar, Deceased, Appellees.

No. 08–04–00093–CV.

Court of Appeals of Texas, El Paso.

Aug. 18, 2005.

Byron Calderon, El Paso, for Appellant.

J. Monty Stevens, Stevens and Associates, El Paso, for Appellees.

Before BARAJAS, McCLURE, and CHEW, JJ.

*OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant Carlos Almanza appeals from a partial summary judgment in the negligence suit he has brought against Appellees Maria de Jesus H. Navar and Mary Margaret Navar, as Administratrix of the Estate of Maria de Jesus H. Navar, Deceased, (collectively "Mrs. Navar") for injuries he sustained after falling from the roof of the duplex he rented from Mrs. Navar. The trial court granted partial summary judgment in favor of Mrs. Navar and adjudged Mrs. Navar not liable to Mr. Almanza for his premises liability cause of action.[1] On appeal, Mr. Almanza raises three issues in which he argues that: (1) Mrs. Navar's summary judgment motion failed to state with sufficient specificity the grounds upon which summary judgment was sought; (2) Mrs. Navar's motion failed to address the essential elements of his premises liability cause of action; and (3) Mrs. Navar failed to prove as a matter of law a defense or disprove an element of his premises liability claim. We affirm.

On May 10, 1999, Mr. Almanza filed suit against Mrs. Navar, alleging she was liable for injuries he sustained from falling from the roof of the duplex based on claims of common law negligence, premises liability, breach of contract, and breach of an implied warranty of habitability under landlord/tenant law. In her first amended answer, Mrs. Navar alleged as her defense that Mr. Almanza was a trespasser, or alternatively, a licensee, to whom she owed a limited duty which she had not breached.

On July 3, 2001, Mrs. Navar filed a motion for summary judgment. In the

---

1. In its order, the trial court also stated that there existed issues of material fact as to Mr. Almanza's cause of action for breach of implied warranty of habitability. The trial court granted Mrs. Navar's motion to sever the partial summary judgment on the premises liability cause of action from the original suit and that judgment became final on April 5, 2004.

motion, Mrs. Navar argued that no genuine issues of material fact existed and that she was entitled to summary judgment as a matter of law because *inter alia:*

(1) The undisputed summary judgment evidence establishes as a matter of law that at the time that the Plaintiff fell through the aluminum slat overhang which covered his neighbor's patio, the Plaintiff was a trespasser or, alternatively, a licensee;

(2) As a matter of law, it is undisputed that Defendant did not breach her limited duty not to injure the Plaintiff willfully, wantonly, or through gross negligence; no evidence to the contrary exists;

(3) In the event that the Court concludes that, at best, at the time of his fall the Plaintiff was a licensee, it remains undisputed that the Defendant did not breach her limited duty not to injure the Plaintiff willfully, wantonly, or through gross negligence and, moreover, no evidence exists of active negligence committed by the Defendant. . . .

As summary judgment evidence, Mrs. Navar attached Mr. Almanza's original petition, Mr. Almanza's deposition of January 25, 2001, with accompanying photograph exhibits, and the parties' residential lease contract dated December 1, 1996.

In response to Mrs. Navar's summary judgment motion, Mr. Almanza acknowledged that she had "moved for summary judgment alleging, among other things, that Plaintiff was a trespasser, or at best, a licensee, at the time he was injured, and that she owed him either no duty or a very limited duty which she did not breach." Mr. Almanza argued that summary judgment was precluded because there existed many issues of material fact in dispute. Mr. Almanza relied on the following documents as summary judgment evidence: his original and first amended petition; Mrs. Navar's responses to his request for disclosure; and his affidavit in support of his response to the summary judgment motion. Mr. Almanza later filed a supplemental response to the summary judgment motion, in which he attached his supplemental affidavit and specifically incorporated Mrs. Navar's summary judgment evidence.

After a hearing on Mrs. Navar's summary judgment motion, the trial court ordered a partial summary judgment in favor of Mrs. Navar and adjudged that as a matter of law, Mrs. Navar was not liable to Mr. Almanza under his premises liability claim. The trial court, however, found that there existed issues of material fact with regard to Mr. Almanza's claim for breach of implied warranty of habitability. Subsequently, Mr. Almanza filed a motion to reconsider the order, arguing that the ruling was incorrect because Mrs. Navar had not moved for summary judgment on the premises liability cause of action and had not produced any summary judgment evidence on that issue. On February 25, 2002, Mrs. Navar moved to sever the partial summary judgment from the original suit. The trial court granted the motion and severed the partial summary judgment on Mr. Almanza's premises liability cause of action and assigned it a new cause number. Mr. Almanza now brings this appeal.

### Standard of Review

 The movant for traditional summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996,

writ denied). A defendant is entitled to summary judgment when he or she disproves, as a matter of law, one of the essential elements of the plaintiff's theory of recovery or conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston,* 589 S.W.2d at 678–79. In determining whether there is a disputed material fact issue precluding summary judgment, all evidence favorable to the non-movant must be taken as true and all reasonable inference, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co. Of Texas, Inc.,* 884 S.W.2d 206, 208 (Tex.App.-El Paso 1994, writ denied).

### *Summary Judgment Evidence*

Taking the summary judgment evidence favorable to Mr. Almanza as true and resolving all reasonable inferences and any doubts in his favor, we recite the following facts in this case. On Saturday, May 10, 1997, Mr. Almanza resided in one unit of a duplex owned by Mrs. Navar. After repeated requests to Mrs. Navar to perform seasonal air conditioning service and to turn on the air conditioning unit for his portion of the duplex, Mr. Almanza attempted to climb up onto the roof of the rental property in order to turn on the air conditioning that day. According to his affidavit, Mr. Almanza had called Mrs. Navar every day for three weeks prior to his fall, repeatedly requesting that she turn on the air conditioning for his duplex. Mrs. Navar told Mr. Almanza that she was not going to service the unit nor hire anyone to service the unit. During the calls made to Mrs. Navar in the week prior to his fall, Mrs. Navar began telling him to turn on the air conditioner himself. Mr. Almanza, however, knew that it was Mrs. Navar's responsibility to turn on the air conditioning unit for the property since she had previously sent a maintenance man to turn off the air conditioning and turn on the heat when he moved into the duplex.

Mr. Almanza called Mrs. Navar on the day of his fall. He informed Mrs. Navar that he did not have a ladder nor any tools to work on the air conditioner. Mr. Almanza asked her how she expected him to get on the roof without a ladder. In response, she told him that she did not care how he accessed the roof, but that he needed to turn on the air conditioner himself. When he remarked, "What if I fall off the roof?" she replied, "If you fall, you fall." Mr. Almanza did not call anyone to service the unit for him because it was 115 degrees outside and he believed it probably would have been very difficult to get someone out there right away. It was his understanding by Mrs. Navar's instructions that day, that as owner of the entire structure, she was not only giving him permission to climb on the roof by whatever means he could, but was also directing him to do just that because she knew he did not have a ladder or tools.

At first, Mr. Almanza tried to reach the roof by parking his pickup truck next to the side of the duplex and climbing onto the pickup. This did not work because the pickup was not high enough. In his second attempt, Mr. Almanza went into his backyard and climbed onto the rock wall that divided the backyard of the duplex units. Mr. Almanza then pulled himself up onto the aluminum overhang or roof that covered the patio of the duplex. Mr. Almanza had never tried to walk on this type

of surface before. He knew, however, that the strength of aluminum varies. He stood upright and started walking toward the shingled roof. He did not test the surface with his weight before deciding to walk forward. Mr. Almanza weighed 210 pounds at the time. He took at least one step before the aluminum pieces of the overhang or roof collapsed without warning. Mr. Almanza fell and landed in front of his neighbor's sliding glass door. Mr. Almanza was knocked unconscious and suffered severe injuries.

In his first two issues, Mr. Almanza contends that Mrs. Navar failed to state with sufficient specificity as to give him fair notice that premises liability was one of the grounds upon which summary judgment was sought. Further, he asserts that she failed to properly identify any essential element of his premises liability cause of action which she claims to have disproved. In his third issue, Mr. Almanza contends that Mrs. Navar failed to prove as a matter of law a defense or disprove an element of his premises liability claim.

### Notice

■ The grounds for summary judgment must be specifically presented in the summary judgment motion. *See* Tex. R.Civ.P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339–41 (Tex.1993); *Travis v. City of Mesquite*, 830 S.W.2d 94, 99–100 (Tex.1992). However, a ground for summary judgment need not be named in the motion or included in a heading. *See e.g., Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 708 (Tex.App.-Amarillo 1998, no pet.); *Pettite v. SCI Corp.*, 893 S.W.2d 746, 748 (Tex.App.-Houston [1st Dist.] 1995, no writ). Rather, a ground for summary judgment is sufficiently presented if the motion gives the non-movant fair notice of the claim involved. *Thomas v.*

*Cisneros*, 596 S.W.2d 313, 316 (Tex.Civ. App.-Austin 1980, writ ref'd n.r.e.).

In the summary judgment motion, Mrs. Navar argued *inter alia* that she was entitled to summary judgment as a matter of law because Mr. Almanza was a trespasser or alternatively, a licensee, and she did not breach her limited duty not to injure him willfully, wantonly, or through gross negligence. Mrs. Navar also identified the legal theories that Mr. Almanza was asserting in his lawsuit, including premises liability. In support of her contention that she did not breach her limited duty not to injure Mr. Almanza in a willful, wanton, or grossly negligent manner, Mrs. Navar argued that the ordinary care standard does not apply to "any claim of negligence or premises liability if the plaintiff is found to be a trespasser or licensee...."

■ Duty is the threshold inquiry in a negligence case, including one of premises liability. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). In a premises liability case, the duty owed to the plaintiff depends on his status as an invitee, licensee, or trespasser to the premises. *See Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex.1975). As her defense, Mrs. Navar specifically argued in her summary judgment motion that she had a limited duty to Mr. Almanza because his status on that part of her property was that of a trespasser or alternatively, a licensee and that she had not breached her limited duty not to cause injury to Mr. Almanza willfully, wantonly, or through gross negligence. We conclude that Mrs. Navar's motion for summary judgment gave Mr. Almanza fair notice that judgment was sought on the premises liability theory of recovery. Issues One and Two are overruled.

## Duty

We now turn to Mr. Almanza's contention that Mrs. Navar failed to prove, as a matter of law, a defense or disprove an element of his premises liability claim. As discussed above, in a premises liability case, the duty owed to the plaintiff depends on the plaintiff's status on the premises at the time of the incident. *See Rosas*, 518 S.W.2d at 536. The existence of a duty is a question of law for the court to decide based on the facts of the case. *Greater Houston Transp. Co.*, 801 S.W.2d at 525.

An invitee is a person who enters the premises of another in answer to an express or implied invitation from the owner or occupier for their mutual benefit. *Montes v. Indian Cliffs Ranch, Inc.*, 946 S.W.2d 103, 105 (Tex.App.-El Paso 1997, writ denied). The duty of reasonable care is owed to an invitee. *Rosas*, 518 S.W.2d at 536. In contrast, a licensee is a person who for his or her own convenience, pleasure, or benefit enters the premises with the express or implied permission of the owner. *See Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 933 (Tex.Civ.App.-Corpus Christi 1981, writ ref'd n.r.e.); *Weaver v. KFC Management, Inc.*, 750 S.W.2d 24, 26 (Tex.App.-Dallas 1988, writ denied). A trespasser is one who enters another's property without any lawful authority, permission, or invitation for his or her own purpose, pleasure, or convenience. *See Rowland*, 620 S.W.2d at 933–34. Under a premises liability theory of recovery, the duty owed to a licensee is not to injure the licensee willfully, wantonly, or through grossly negligent conduct, and that the owner used ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *See State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992);

*Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 562–63 (Tex.1976). The only duty a premises owner or occupier owes to a trespasser, however, is not to cause injury willfully, wantonly, or through gross negligence. *Texas Utilities Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997).

The undisputed summary judgment evidence clearly shows that Mr. Almanza climbed up onto the roof to turn on the air conditioning for his own purposes and benefit, therefore he did not hold the status of an invitee at the time and place of his injury. Mrs. Navar argued in her motion for summary judgment that Mr. Almanza was a trespasser, or alternatively, a licensee, to whom she owed a limited duty not to injure willfully, wantonly, or through gross negligence. Specifically, Mrs. Navar asserted that Mr. Almanza exceeded his permission to occupy the duplex by trespassing over into his next door neighbor's property, namely the aluminum overhang. Summary judgment evidence favorable to Mr. Almanza indicates that Mrs. Navar owned the entire duplex structure, that she gave him permission to access the roof, and that the duplex structure had a common roof. This evidence supports a reasonable inference that Mrs. Navar gave Mr. Almanza permission to access the entire roof of the duplex, therefore, Mr. Almanza was not a trespasser on the property. Mrs. Navar argued in the alternative that Mr. Almanza was a licensee. Mr. Almanza presented *no evidence* raising a material fact issue to suggest otherwise. Therefore, as a matter of law, Mrs. Navar's legal duty to Mr. Almanza was that which is owed to a licensee, not an invitee.

## Breach of Duty

We must now determine whether Mrs. Navar conclusively estab-

lished as a matter of law that there is no genuine issue of material fact as to whether she breached her legal duty to Mr. Almanza as a licensee. It is well-settled law that the duty owed by a proprietor or licensor to a licensee is not to injure him by willful, wanton, or through gross negligence. *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974). An exception to this general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor either to warn the licensee of the dangerous condition or to make the condition reasonably safe. *Id.* If the licensee has the same knowledge about the dangerous condition as the licensor, then no duty to the licensee exists. *Wal–Mart Stores, Inc. v. Miller,* 102 S.W.3d 706, 709 (Tex.2003). Further, a licensor owes no duty to warn a licensee or make the condition reasonably safe if the evidence conclusively establishes that the licensee perceived the alleged dangerous condition. *See id.*

■■■ We first determine whether Mrs. Navar conclusively established that there is no genuine issue of fact as to whether her conduct was grossly negligent. Gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Louisiana–Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246 (Tex. 1999); *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex.1994).

The summary judgment evidence shows that after repeated requests to perform air conditioning service and to turn on the air conditioning unit, Mrs. Navar told Mr. Al-manza that she was not going to service the air conditioning unit nor hire anyone to service the unit. In Mr. Almanza's calls during the week prior to his fall, Mrs. Navar told Mr. Almanza to turn on the air conditioning himself. Mrs. Navar knew that Mr. Almanza did not have a ladder or tools to work on the air conditioner. Mrs. Navar did not care how he accessed the roof and was indifferent as to whether he would fall off the roof. It was Mr. Almanza's understanding that Mrs. Navar was giving him permission and directing him to climb on the roof by whatever means he could. In the past, Mrs. Navar had employed a maintenance man to turn off the air conditioning and turn on the heat for Mr. Almanza's duplex unit.

At best, Mrs. Navar's omission in failing to provide a ladder or to send a professional to service the air conditioning unit shows a general apathy for Mr. Almanza's situation as a tenant on her property. However, Mrs. Navar's lack of concern does not constitute actual, subjective awareness of an extreme degree of risk. While it was Mr. Almanza's understanding that Mrs. Navar was directing him to use whatever means he could to climb onto the roof, the undisputed evidence of Mrs. Navar's standpoint was that she simply did not care how he accessed the roof and left the manner and means to Mr. Almanza's discretion. Mrs. Navar was not present when Mr. Almanza decided to climb onto the roof by way of the rock wall and aluminum overhang, therefore she could have not known to the extreme degree of risk involved in the chosen manner of reaching the roof.

Moreover, Mrs. Navar did not have a duty to warn or make the alleged dangerous condition reasonably safe because the summary judgment shows the condition of the aluminum overhangs and surrounding circumstances were readily perceptible to

Mr. Almanza. *See Lower Neches Valley Authority,* 536 S.W.2d at 564 (A licensee is imputed with knowledge of those conditions perceptible to him). Mr. Almanza knew the aluminum overhang covered only the patio of the duplex. He had never attempted to walk on that type of surface before, yet he knew that the strength of aluminum varies. Mr. Almanza also knew that he weighed 210 pounds. Based on the conditions perceptible to him, Mr. Almanza is imputed with actual knowledge of the alleged dangerous condition of the aluminum overhang, which he asserted Mrs. Navar had failed to warn him was not designed to support his weight.

We conclude that the summary judgment evidence conclusively established that there was no gross negligence on Mrs. Navar's part and further, that Mr. Almanza could not recover on a premises liability theory because he had actual knowledge of the alleged dangerous condition. Issue Three is overruled.

We affirm the trial court's order of summary judgment on Mr. Almanza's premise liability cause of action.