COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

CARLOS ALMANZA,                                         )

                                                                              )

Appellant,                          )              
No.  08-04-00093-CV

                                                                              )

v.                                                                           )                    Appeal from the

                                                                              )

MARIA DE JESUS H. NAVAR, and
MARY       )                171st District
Court

MARGARET NAVAR, As
Administratix Of          )

The ESTATE OF MARIA DE JESUS
H.              )           of El Paso County,
Texas

NAVAR, Deceased,                                              )

                                                                              )                
(TC# 2004-1511)

Appellees.                          )

                                                                              )

 

 

O
P I N I O N

 








Appellant Carlos
Almanza appeals from a partial summary judgment in the negligence suit he has
brought against Appellees Maria de Jesus H. Navar and Mary Margaret Navar, as
Administratix of the Estate of Maria de Jesus H. Navar, Deceased, (collectively
AMrs. Navar@)
for injuries he sustained after falling from the roof of the duplex he rented
from Mrs. Navar.  The trial court granted
partial summary judgment in favor of Mrs. Navar and adjudged Mrs. Navar not
liable to Mr. Almanza for his premises liability cause of action.[1]  On appeal, Mr. Almanza raises three issues in
which he argues that:  (1) Mrs. Navar=s summary judgment motion failed to
state with sufficient specificity the grounds upon which summary judgment was
sought; (2) Mrs. Navar=s
motion failed to address the essential elements of his premises liability cause
of action; and (3) Mrs. Navar failed to prove as a matter of law a defense or
disprove an element of his premises liability claim.  We affirm.

On May 10, 1999,
Mr. Almanza filed suit against Mrs. Navar, alleging she was liable for injuries
he sustained from falling from the roof of the duplex based on claims of common
law negligence, premises liability, breach of contract, and breach of an
implied warranty of habitability under landlord/tenant law.  In her first amended answer, Mrs. Navar
alleged as her defense that Mr. Almanza was a trespasser, or alternatively, a
licensee, to whom she owed a limited duty which she had not breached.

On July 3, 2001,
Mrs. Navar filed a motion for summary judgment. 
In the motion, Mrs. Navar argued that no genuine issues of material
fact existed and that she was entitled to summary judgment as a matter of law
because inter alia:

(1)        The undisputed summary judgment evidence
establishes as a matter of law that at the time that the Plaintiff fell through
the aluminum slat overhang which covered his neighbor=s
patio, the Plaintiff was a trespasser or, alternatively, a licensee;

 

(2)        As a matter of law, it is undisputed
that Defendant did not breach her limited duty not to injure the Plaintiff
willfully, wantonly, or through gross negligence; no evidence to the contrary
exists;

 

(3)        In the event that the Court concludes
that, at best, at the time of his fall the Plaintiff was a licensee, it remains
undisputed that the Defendant did not breach her limited duty not to injure the
Plaintiff willfully, wantonly, or through gross negligence and, moreover, no
evidence exists of active negligence committed by the Defendant . . . .

 








As summary judgment evidence, Mrs.
Navar attached Mr. Almanza=s
original petition, Mr. Almanza=s
deposition of January 25, 2001, with accompanying photograph exhibits, and the
parties=
residential lease contract dated December 1, 1996.

In response to
Mrs. Navar=s summary
judgment motion, Mr. Almanza acknowledged that she had Amoved
for summary judgment alleging, among other things, that Plaintiff was a
trespasser, or at best, a licensee, at the time he was injured, and that she
owed him either no duty or a very limited duty which she did not breach.@ 
Mr. Almanza argued that summary judgment was precluded because there
existed many issues of material fact in dispute.  Mr. Almanza relied on the following documents
as summary judgment evidence:  his
original and first amended petition; Mrs. Navar=s
responses to his request for disclosure; and his affidavit in support of his
response to the summary judgment motion. 
Mr. Almanza later filed a supplemental response to the summary judgment
motion, in which he attached his supplemental affidavit and specifically
incorporated Mrs. Navar=s
summary judgment evidence.








After a hearing on
Mrs. Navar=s summary
judgment motion, the trial court ordered a partial summary judgment in favor of
Mrs. Navar and adjudged that as a matter of law, Mrs. Navar was not liable
to Mr. Almanza under his premises liability claim.  The trial court, however, found that there
existed issues of material fact with regard to Mr. Almanza=s claim for breach of implied warranty
of habitability.  Subsequently, Mr.
Almanza filed a motion to reconsider the order, arguing that the ruling was
incorrect because Mrs. Navar had not moved for summary judgment on the premises
liability cause of action and had not produced any summary judgment evidence on
that issue.  On February 25, 2002, Mrs.
Navar moved to sever the partial summary judgment from the original suit.  The trial court granted the motion and
severed the partial summary judgment on Mr. Almanza=s
premises liability cause of action and assigned it a new cause number.  Mr. Almanza now brings this appeal.

Standard
of Review

The movant for
traditional summary judgment has the burden of showing there is no genuine
issue of material fact and that it is entitled to judgment as a matter of
law.  See Tex.R.Civ.P. 166a(c); Nixon v. Mr. Property Management
Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Duran v. Furr=s Supermarkets, Inc., 921 S.W.2d
778, 784 (Tex.App.--El Paso 1996, writ denied). 
A defendant is entitled to summary judgment when he or she disproves, as
a matter of law, one of the essential elements of the plaintiff=s theory of recovery or conclusively
establishes each element of an affirmative defense.  Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997); City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678-79 (Tex. 1979).  Once the defendant establishes its right to
summary judgment as a matter of law, the burden shifts to the plaintiff to
present evidence raising a genuine issue of material fact, thereby precluding
summary judgment.  City of Houston,
589 S.W.2d at 678-79.  In determining
whether there is a disputed material fact issue precluding summary judgment,
all evidence favorable to the non-movant must be taken as true and all
reasonable inference, including any doubts, must be resolved in the non-movant=s favor.  Nixon, 690 S.W.2d at 548-49; DeLuna
v. Guynes Printing Co. Of Texas, Inc., 884 S.W.2d 206, 208 (Tex.App.--El
Paso 1994, writ denied). 

Summary
Judgment Evidence








Taking the summary
judgment evidence favorable to Mr. Almanza as true and resolving all reasonable
inferences and any doubts in his favor, we recite the following facts in this
case.  On Saturday, May 10, 1997, Mr. Almanza
resided in one unit of a duplex owned by Mrs. Navar. After repeated requests to
Mrs. Navar to perform seasonal air conditioning service and to turn on the air
conditioning unit for his portion of the duplex, Mr. Almanza attempted to climb
up onto the roof of the rental property in order to turn on the air
conditioning that day.  According to his
affidavit, Mr. Almanza had called Mrs. Navar every day for three weeks prior to
his fall, repeatedly requesting that she turn on the air conditioning for his
duplex.  Mrs. Navar told Mr. Almanza
that she was not going to service the unit nor hire anyone to service the
unit.  During the calls made to Mrs.
Navar in the week prior to his fall, Mrs. Navar began telling him to turn on
the air conditioner himself.  Mr.
Almanza, however, knew that it was Mrs. Navar=s
responsibility to turn on the air conditioning unit for the property since she
had previously sent a maintenance man to turn off the air conditioning and turn
on the heat when he moved into the duplex.

Mr. Almanza called
Mrs. Navar on the day of his fall.  He
informed Mrs. Navar that he did not have a ladder nor any tools to work on the
air conditioner.  Mr. Almanza asked her how
she expected him to get on the roof without a ladder.  In response, she told him that she did not
care how he accessed the roof, but that he needed to turn on the air
conditioner himself.  When he remarked, AWhat if I fall off the roof?@she replied, AIf
you fall, you fall.@  Mr. Almanza did not call anyone to service
the unit for him because it was 115 degrees outside and he believed it probably
would have been very difficult to get someone out there right away.  It was his understanding by Mrs. Navar=s instructions that day, that as owner
of the entire structure, she was not only giving him permission to climb on the
roof by whatever means he could, but was also directing him to do just that
because she knew he did not have a ladder or tools.








At first, Mr.
Almanza tried to reach the roof by parking his pickup truck next to the side of
the duplex and climbing onto the pickup. 
This did not work because the pickup was not high enough.  In his second attempt, Mr. Almanza went into
his backyard and climbed onto the rock wall that divided the backyard of the
duplex units.  Mr. Almanza then pulled
himself up onto the aluminum overhang or roof that covered the patio of the
duplex.  Mr. Almanza had never tried to
walk on this type of surface before.  He
knew, however, that the strength of aluminum varies.  He stood upright and started walking toward
the shingled roof.  He did not test the
surface with his weight before deciding to walk forward.  Mr. Almanza weighed 210 pounds at the
time.  He took at least one step before
the aluminum pieces of the overhang or roof collapsed without warning.  Mr. Almanza fell and landed in front of his
neighbor=s sliding
glass door.  Mr. Almanza was knocked
unconscious and suffered severe injuries.

In his first two
issues, Mr. Almanza contends that Mrs. Navar failed to state with sufficient
specificity as to give him fair notice that premises liability was one of the
grounds upon which summary judgment was sought. 
Further, he asserts that she failed to properly identify any essential
element of his premises liability cause of action which she claims to have disproved.  In his third issue, Mr. Almanza contends that
Mrs. Navar failed to prove as a matter of law a defense or disprove an element
of his premises liability claim.

Notice








The grounds for
summary judgment must be specifically presented in the summary judgment
motion.  See Tex.R.Civ.P. 166a(c); McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 339-41 (Tex. 1993); Travis
v. City of Mesquite, 830 S.W.2d 94, 99-100 (Tex. 1992).  However, a ground for summary judgment need
not be named in the motion or included in a heading.  See e.g., Franklin v. Enserch, Inc.,
961 S.W.2d 704, 708 (Tex.App.--Amarillo 1998, no pet.); Pettite v. SCI Corp.,
893 S.W.2d 746, 748 (Tex.App.--Houston [1st Dist.] 1995, no writ).  Rather, a ground for summary judgment is
sufficiently presented if the motion gives the non-movant fair notice of the
claim involved.  Thomas v. Cisneros,
596 S.W.2d 313, 316 (Tex.Civ.App.--Austin 1980, writ ref=d
n.r.e.).

In the summary
judgment motion, Mrs. Navar argued inter alia that she was entitled to
summary judgment as a matter of law because Mr. Almanza was a trespasser or
alternatively, a licensee, and she did not breach her limited duty not to
injure him willfully, wantonly, or through gross negligence.  Mrs. Navar also identified the legal theories
that Mr. Almanza was asserting in his lawsuit, including premises
liability.  In support of her contention
that she did not breach her limited duty not to injure Mr. Almanza in a
willful, wanton, or grossly negligent manner, Mrs. Navar argued that the
ordinary care standard does not apply to Aany
claim of negligence or premises liability if the plaintiff is found to be a
trespasser or licensee . . . .@








Duty is the
threshold inquiry in a negligence case, including one of premises
liability.  Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Greater Houston Transp. Co. v.
Phillips, 801 S.W.2d 523, 525 (Tex. 1990). 
In a premises liability case, the duty owed to the plaintiff depends on
his status as an invitee, licensee, or trespasser to the premises.  See Rosas v. Buddie=s Food Store, 518 S.W.2d 534, 536
(Tex. 1975).  As her defense, Mrs. Navar
specifically argued in her summary judgment motion that she had a limited duty
to Mr. Almanza because his status on that part of her property was that of a
trespasser or alternatively, a licensee and that she had not breached her
limited duty not to cause injury to Mr. Almanza willfully, wantonly, or through
gross negligence.  We conclude that Mrs.
Navar=s motion
for summary judgment gave Mr. Almanza fair notice that judgment was sought on
the premises liability theory of recovery. 
Issues One and Two are overruled.

Duty

We now turn to Mr.
Almanza=s
contention that Mrs. Navar failed to prove, as a matter of law, a defense or
disprove an element of his premises liability claim.  As discussed above, in a premises liability
case, the duty owed to the plaintiff depends on the plaintiff=s status on the premises at the time of
the incident.  See Rosas, 518
S.W.2d at 536.  The existence of a duty
is a question of law for the court to decide based on the facts of the
case.  Greater Houston Transp. Co.,
801 S.W.2d at 525.








An invitee is a
person who enters the premises of another in answer to an express or implied
invitation from the owner or occupier for their mutual benefit.  Montes v. Indian Cliffs Ranch, Inc.,
946 S.W.2d 103, 105 (Tex.App.--El Paso 1997, writ denied).  The duty of reasonable care is owed to an
invitee.  Rosas, 518 S.W.2d at
536.  In contrast, a licensee is a person
who for his or her own convenience, pleasure, or benefit enters the premises
with the express or implied permission of the owner.  See Rowland v. City of Corpus Christi,
620 S.W.2d 930, 933 (Tex.Civ.App.--Corpus Christi 1981, writ ref=d n.r.e.); Weaver v. KFC Management,
Inc., 750 S.W.2d 24, 26 (Tex.App.--Dallas 1988, writ denied).  A trespasser is one who enters another=s property without any lawful
authority, permission, or invitation for his or her own purpose, pleasure, or
convenience.  See Rowland, 620
S.W.2d at 933-34.  Under a premises
liability theory of recovery, the duty owed to a licensee is not to injure the
licensee willfully, wantonly, or through grossly negligent conduct, and that
the owner used ordinary care either to warn a licensee of, or to make
reasonably safe, a dangerous condition of which the owner is aware and the
licensee is not.  See State Dep=t of Highways & Public Transp. v.
Payne, 838 S.W.2d 235, 237 (Tex. 1992); Lower Neches Valley Auth. v.
Murphy, 536 S.W.2d 561, 562-63 (Tex. 1976). 
The only duty a premises owner or occupier owes to a trespasser,
however, is not to cause injury willfully, wantonly, or through gross
negligence.  Texas Utilities Elec. Co.
v. Timmons, 947 S.W.2d 191, 193 (Tex. 1997).

The undisputed
summary judgment evidence clearly shows that Mr. Almanza climbed up onto the roof
to turn on the air conditioning for his own purposes and benefit, therefore he
did not hold the status of an invitee at the time and place of his injury.  Mrs. Navar argued in her motion for summary
judgment that Mr. Almanza was a trespasser, or alternatively, a licensee, to
whom she owed a limited duty not to injure willfully, wantonly, or through
gross negligence.  Specifically, Mrs.
Navar asserted that Mr. Almanza exceeded his permission to occupy the duplex by
trespassing over into his next door neighbor=s
property, namely the aluminum overhang. 
Summary judgment evidence favorable to Mr. Almanza indicates that Mrs.
Navar owned the entire duplex structure, that she gave him permission to access
the roof, and that the duplex structure had a common roof.  This evidence supports a reasonable inference
that Mrs. Navar gave Mr. Almanza permission to access the entire roof of
the duplex, therefore, Mr. Almanza was not a trespasser on the
property.  Mrs. Navar argued in the
alternative that Mr. Almanza was a licensee.  Mr. Almanza presented no evidence raising a
material fact issue to suggest otherwise. 
Therefore, as a matter of law, Mrs. Navar=s
legal duty to Mr. Almanza was that which is owed to a licensee, not an invitee.

Breach
of Duty








We must now
determine whether Mrs. Navar conclusively established as a matter of law that
there is no genuine issue of material fact as to whether she breached her legal
duty to Mr. Almanza as a licensee. 
It is well-settled law that the duty owed by a proprietor or licensor to
a licensee is not to injure him by willful, wanton, or through gross
negligence.  State v. Tennison,
509 S.W.2d 560, 562 (Tex. 1974).  An
exception to this general rule is that when the licensor has knowledge of a
dangerous condition, and the licensee does not, a duty is owed on the part of
the licensor either to warn the licensee of the dangerous condition or to make
the condition reasonably safe.  Id.  If the licensee has the same knowledge about
the dangerous condition as the licensor, then no duty to the licensee
exists.  Wal-Mart Stores, Inc. v.
Miller, 102 S.W.3d 706, 709 (Tex. 2003). 
Further, a licensor owes no duty to warn a licensee or make the condition
reasonably safe if the evidence conclusively establishes that the licensee
perceived the alleged dangerous condition. 
See id.

We first determine
whether Mrs. Navar conclusively established that there is no genuine issue of
fact as to whether her conduct was grossly negligent.  Gross negligence includes two elements:  (1) viewed objectively from the actor=s standpoint, the act or omission must
involve an extreme degree of risk, considering the probability and magnitude of
the potential harm to others; and (2) the actor must have actual, subjective
awareness of the risk involved, but nevertheless proceed in conscious
indifference to the rights, safety, or welfare of others.  Louisiana‑Pacific Corp. v. Andrade,
19 S.W.3d 245, 246 (Tex. 1999); Transp. Ins. Co. v. Moriel, 879 S.W.2d
10, 23 (Tex. 1994). 








The summary
judgment evidence shows that after repeated requests to perform air
conditioning service and to turn on the air conditioning unit, Mrs. Navar told
Mr. Almanza that she was not going to service the air conditioning unit nor
hire anyone to service the unit.  In
Mr. Almanza=s calls
during the week prior to his fall, Mrs. Navar told Mr. Almanza to turn on the
air conditioning himself.  Mrs. Navar
knew that Mr. Almanza did not have a ladder or tools to work on the air
conditioner.  Mrs. Navar did not care how
he accessed the roof and was indifferent as to whether he would fall off the
roof.  It was Mr. Almanza=s understanding that Mrs. Navar was
giving him permission and directing him to climb on the roof by whatever means
he could.  In the past, Mrs. Navar had
employed a maintenance man to turn off the air conditioning and turn on the
heat for Mr. Almanza=s
duplex unit.

At best, Mrs.
Navar=s
omission in failing to provide a ladder or to send a professional to service
the air conditioning unit shows a general apathy for Mr. Almanza=s situation as a tenant on her
property.  However, Mrs. Navar=s lack of concern does not constitute
actual, subjective awareness of an extreme degree of risk.  While it was Mr. Almanza=s understanding that Mrs. Navar
was directing him to use whatever means he could to climb onto the roof, the
undisputed evidence of Mrs. Navar=s
standpoint was that she simply did not care how he accessed the roof and left
the manner and means to Mr. Almanza=s
discretion.  Mrs. Navar was not present
when Mr. Almanza decided to climb onto the roof by way of the rock wall and
aluminum overhang, therefore she could have not known to the extreme degree of
risk involved in the chosen manner of reaching the roof.








Moreover, Mrs.
Navar did not have a duty to warn or make the alleged dangerous condition
reasonably safe because the summary judgment shows the condition of the
aluminum overhangs and surrounding circumstances were readily perceptible to
Mr. Almanza.  See Lower Neches Valley
Authority, 536 S.W.2d at 564 (A licensee is imputed with knowledge of those
conditions perceptible to him).  Mr.
Almanza knew the aluminum overhang covered only the patio of the duplex.  He had never attempted to walk on that type
of surface before, yet he knew that the strength of aluminum varies.  Mr. Almanza also knew that he weighed 210
pounds.  Based on the conditions
perceptible to him, Mr. Almanza is imputed with actual knowledge of the alleged
dangerous condition of the aluminum overhang, which he asserted Mrs. Navar had
failed to warn him was not designed to support his weight.

We conclude that
the summary judgment evidence conclusively established that there was no gross
negligence on Mrs. Navar=s
part and further, that Mr. Almanza could not recover on a premises liability theory
because he had actual knowledge of the alleged dangerous condition.  Issue Three is overruled.

We affirm the
trial court=s order
of summary judgment on Mr. Almanza=s
premise liability cause of action.

 

 

August
18, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, McClure, and Chew, JJ.











[1]
In its order, the trial court also stated that there existed issues of material
fact as to Mr. Almanza=s
cause of action for breach of implied warranty of habitability.  The trial court granted Mrs. Navar=s motion to sever the partial summary
judgment on the premises liability cause of action from the original suit and
that judgment became final on April 5, 2004.